UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEWAYLYN COLVIN, | ) | Case No. 4:18CV0438 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JEFFREY J. HELMICK |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| BRIGHAM SLOAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND RECOMMENDATION |

Dewaylyn Colvin ("Colvin" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is before the magistrate judge pursuant to Local Rule 72.2. The petitioner is in the custody of the Lake Erie Correctional Institution pursuant to journal entry of sentence dated April 11, 2013, in the case of *State v. Colvin*, Case No. 11-CR-1338-C.[1] (R. 1, PageID #: 1; RX 6.)

Colvin filed the petition *pro se,* following his 2013 conviction and sentencing for three counts of trafficking in drugs, one count of possession of drugs, and other crimes, pursuant to a guilty plea, in the Mahoning County (Ohio) Court of Common Pleas. (R. 7, RX 3, 6, PageID #: 77, 86; R. 1, PageID #: 1.) In his petition, Colvin raises two grounds for relief, verbatim:

> 1. The trial Court information Erred when it found Petitioner's plea was voluntary, Knowing and Intelligent and that Petitioner was aware

---

[1] The petition states the date of sentence was March 20, 2013, which is correct, but the judgment entry was not docketed until April 11, 2013. (R. 7, RX 6, PageID #: 86.)

of the maxim[um] penalty involved where at the time of his change of plea he was given inaccurate information about his Judicial Release and receive[d] Ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution related to the incorrect information conveyed to Petitioner regarding his Eligibility to file Judicial Release.

2. Trial Court erred by not imposing a mandatory prison sentence on count-16, due to the non-mandatory term being the inducement to obtain Petitioner's plea.

(R. 1, § 12, PageID #: 5, 6.) Currently before the court is the respondent's motion to dismiss the petition as untimely filed. (R. 7.) Colvin has filed an opposition (R. 8). For the following reasons, the magistrate judge recommends that the motion to dismiss be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals provided the following factual and procedural background:

> In December 2011, an indictment was filed against Appellant and five other defendants. Appellant was charged with: second degree felony drug trafficking in counts 4 and 8; first degree felony drug trafficking in counts 9 and 10; third degree felony drug possession in count 11; having a weapon under disability in count 15; and engaging in a pattern of corrupt activity in count 16, a first degree felony. A plea agreement was entered on January 30, 2013. The state dismissed count 4 and amended counts 9 and 10 to second degree felonies. The defendant, who was represented by two retained attorneys, pled guilty to the indictment as amended.
>
> The portion of the written plea agreement explaining maximum penalties disclosed the three drug trafficking counts carried mandatory prison terms. For count 16 (engaging in a pattern of corrupt activity), the agreement disclosed prison was presumed necessary but not

mandatory. For the other two offenses, it was explained prison was not presumed nor mandatory.

The sentencing recommendations of each side were set forth in the written plea agreement. Both sides recommended a concurrent sentence on counts 8, 9, and 10 to run consecutive to a concurrent sentence on counts 11, 15, and 16. The state recommended a total sentence between 12 and 14 years, seeking 8 years on counts 8, 9, and 10 plus 4 to 6 years on count 16 (with 24 to 36 months concurrent on counts 11 and 15). The defense asked for 5 mandatory years on counts 8, 9, and 10 plus 4 non-mandatory years on count 16 for a total of 9 years (without specifically mentioning a request as to the sentence for counts 11 and 15, except that they run concurrent).

At the plea hearing, the prosecution reviewed this information from the written plea and advised the court that counts 11, 15, and 16 involved non-mandatory prison time. The court then read the pertinent portion of the plea agreement in order to advise Appellant on the maximum penalties. The court said prison was presumed but not mandatory for count 16, which had a maximum sentence of 11 years, and prison was not presumed or mandatory for counts 11 and 15, which had thirty-six-month maximums. The court also advised: prison was mandatory on counts 8, 9, and 10; the maximum on those counts was eight times three; and if all sentences were run consecutive, Appellant could face 41 years in prison.

At sentencing, the prosecution provided various examples of when Appellant would be eligible for judicial release depending on what mandatory prison term the court chose for counts 8, 9, and 10 and what non-mandatory prison term the court chose for count 16. The prosecutor noted the defense asked him to place the examples on the record. In seeking a mandatory sentence of five years plus a non-mandatory sentence of four years, defense counsel spoke of the court's opportunity to consider judicial release after 5.5 years. In arguing for its longer recommendation, the state mentioned Appellant's prior conviction of involuntary manslaughter. This offense was also reflected in the pre-sentence investigation ordered by the court prior to sentencing.

During imposition of sentence, the court mentioned its consideration of Appellant's eligibility for judicial release but did not describe any term as mandatory or non-mandatory. The court imposed a total sentence of 11 years, with 7 years on counts 8, 9, and 10 plus 4 years on count 16;

3

the court also imposed 36 months on counts 11 and 15 to run concurrent. The court's April 11, 2013 sentencing entry does not describe any prison term as mandatory or non-mandatory. No direct appeal was filed from the conviction and sentence.

On September 11, 2013, Appellant filed a pro se motion for judicial release.[2] Appellant thereafter retained counsel (different than original trial counsel). In July 2014, the transcripts of the plea and sentencing hearings were filed in the trial court. On November 10, 2014, Appellant's counsel filed a motion to vacate the guilty plea under Crim.R. 32.1 and a separate motion to vacate the sentence.[3]

The plea withdrawal motion alleged: (1) Appellant was under the influence of prescription pain killers throughout the pendency of his case, including at the plea hearing; and (2) his attorney was ineffective by informing him he would receive 4 years if he pled guilty. The trial court overruled this motion on December 17, 2014, finding: there was no reasonable probability Appellant would not have pled guilty but for the alleged misrepresentation; Appellant understood the sentencing recommendation of both sides; he spoke at sentencing and specified he was not under the influence; and there was no manifest injustice.[4]

Appellant's separate motion to vacate his sentence argued consecutive sentences were not properly imposed. The trial court overruled this motion on February 26, 2015.[5] Appellant filed notice of appeal on March 27, 2015, resulting in case number 15 MA 50.[6] The docketing statement says both the December 17, 2014 judgment entry and the February 26, 2015 judgment entry were being appealed. On May 8, 2015, this court ruled the appeal would only proceed as to the February 26, 2015 entry.[7] On July 23, this court warned the case would be dismissed if Appellant did not further prosecute the appeal within 30 days.[8] On September 23, 2015, the appeal in 15 MA 50 was dismissed for failure to file a brief.[9]

---

[2] *See* R. 7, RX 32 (docket sheet), PageID #: 231.
[3] *See* R. 7, RX 7-8.
[4] *See* R. 7, RX 10.
[5] *See* R. 7, RX 11.
[6] *See* R. 7, RX 12 (Appeal no. 2015 MA 50).
[7] *See* R. 7, RX 13.
[8] *See* R. 7, RX 14.
[9] *See* R. 7, RX 15.

In the meantime, Appellant retained new counsel who raised different issues in the trial court. On April 8, 2015, this attorney filed another motion to vacate the plea.[10] He sought plea withdrawal due to the failure to advise Appellant that count 16 carried a mandatory prison term due to his prior first degree felony conviction. He urged the misadvisement that count 16 did not carry mandatory prison time violated Crim.R.11(C)(2)(a) and resulted in a plea that was not knowing and intelligent. The motion characterized the mistake as "understandable" in light of the "absurd and unnecessary complexity of the Ohio Revised Code's sentencing laws."

This new motion also argued the sentence was void because the court was statutorily-required to impose a mandatory sentence on count 16. The state filed a memorandum in opposition, and the court heard arguments on the motion. On August 26, 2015, the trial court overruled Appellant's motion.[11]

(R. 7, RX 27, PageID #: 179-182; *State v. Colvin*, 70 N.E.3d 1012, 1015-1017 (Ohio Ct. App. Aug. 31, 2016).)

On September 16, 2015, Colvin filed a notice of appeal of the trial court's August 26, 2015, denial of his motion to vacate, which was actually filed on August 27, 2015. (R. 7, RX 21, Appeal no. 2015 MA 162.) The court of appeals merged this appeal with the earlier appeal (Appeal no. 2015 MA 50; RX 12). (R. 7, RX 22, 23.) In his brief, Colvin raised two assignments of error:

1. The trial court failed to comply with Crim.R. 11(C)(2)(a).

2. The trial court erred by not imposing a mandatory prison sentence on Count 16.

---

[10] *See* R. 7, RX 16.
[11] *See* R. 7, RX 20 (docketed August 27, 2015).

(R. 7, RX 24.) The court of appeals affirmed the judgment of the trial court on August 31, 2016. (R. 7, RX 27; *Colvin,* 70 N.E.3d 1012.)

Colvin appealed that ruling to the Supreme Court of Ohio, raising two propositions of law:

> 1. When there is a mistake of law during the plea proceedings and the trial court fails to comply with Crim.R. 11(C), the plea violates due process and must be vacated because a manifest injustice has occurred, and res judicata poses no bar to its correction.
>
> 2. When a trial court fails to impose the mandatory nature of a sentence that it is statutorily required to impose, the sentence is contrary to law and is void ab initio.

(R. 7, RX 29.) On February 22, 2017, the state high court declined to accept jurisdiction of the appeal. (R. 7, RX 31; *State v. Colvin,* 148 Ohio St.3d 1412, 69 N.E.3d 751 (2017).)

Colvin filed this petition for a writ of habeas corpus on February 23, 2018. (R. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002). *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. *See also Price v. Vincent*, 538 U.S. 634, 640 (2003). A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

Colvin has filed his petition *pro se*. The pleadings of a petition drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519

7

(1972) (per curiam)). No other special treatment is afforded litigants who decide to proceed *pro se*. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

### III.  STATUTE OF LIMITATIONS

The respondent argues that the petition should be denied as untimely filed. (Doc. 7, PageID #: 55-58.) The court agrees, as set forth below.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become final. *Carey v. Saffold*, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. *Gonzalez v. Thaler*, 566 U.S. 134, 150 (2012); *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003). A habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari period. *Lawrence v. Florida*, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

8

Colvin's conviction became final with the expiration of time for direct review of his conviction and sentencing. The state court judge conducted a sentencing hearing on March 20, 2013, and the judge signed the Judgment Entry of Sentencing on May 21, 2013. (Doc. 7, RX 6). The Judgement Entry of Sentencing was stamped filed on April 11, 2013, and the court construes that date as the operative journal entry date. (Doc. 7, RX 6, filed April 11, 2013.) Under Ohio law, Colvin had thirty (30) days—or until May 13, 2013[12]—within which to file his direct appeal after the date of sentencing. Ohio R. App. P. 4(A). Because Colvin did not file a timely direct appeal, his conviction became final on May 13, 2013, which was thirty (30) days after the April 11, 2013, journal entry of sentencing. (Doc. 7, RX 6.) The habeas statute of limitations began to run on May 14, 2013, and expired one year later in May 2014. *See, e.g.*, *Keeling v. Warden*, 673 F.3d 452, 459-460 (6th Cir. 2012), *cert. denied*, 568 U.S. 839 (2012); *Goodballet v. Mack*, 266 F.Supp.2d 702, 705 (N.D. Ohio 2003). Thus, Colvin's petition filed on February 23, 2018, was untimely. 28 U.S.C. §2244(d)(1)(A).

The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending. *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005); *Searcy v. Carter*, 246 F.3d 515, 517-518 (6th Cir.), *cert. denied*, 534 U.S. 905 (2001); 28 U.S.C. § 2244(d)(2). Although filing a collateral motion may toll the

---

[12] Thirty days from April 11, 2013, was May 11th, a Saturday, so the date is extended to May 13th, pursuant to Ohio App. R. 14(A), which indicates that when a deadline falls on a weekend, it is extended to the next business day.

9

running of a pending, unexpired one-year limitations period, *Souter*, 395 F.3d at 585, it will not "revive" the statute, or cause it to begin running anew. *Hill v. Randle*, No. 00-4168, 2001 WL 1450711, at *2 (6th Cir. Nov. 7, 2001); *Searcy*, 246 F.3d at 519; *Leon v. Bradshaw*, No. 1:05CV875, 2006 WL 1624430, at *4 (N.D. Ohio June 6, 2006).

Colvin did not file any post-conviction or collateral motions during the limitations period that would toll the running of the statute. Although Colvin filed a pro se motion for judicial release on September 11, 2013, a motion for judicial release, as respondent asserts, does not toll the habeas limitations period. (R. 7, PageID #: 58, citing *Stevens v. Jeffries*, No. 3:06CV2593, 2007 WL 2254877, at *2 (N.D. Ohio Aug. 3, 2007); *see also Cannon v. Bunting*, No. 5:13CV981, 2014 WL 6687220, at *3 (N.D. Ohio Nov. 26, 2014) (same); *Imburgia v. Bradshaw*, No. 1:09CV2009, 2010 WL 1628054, at *5 (N.D. Ohio Apr. 22, 2010) (same, citing *Clark v. Eberlin*, 2009 WL 2513553, at *5 (N.D. Ohio Aug. 13, 2009); *Baker v. Wolfe,* No. 2:07CV1059, 2008 WL 4283355, at *2-*3 (S.D. Ohio Sept. 16, 2008); *Tomilson v. Lazaroff*, 2008 WL 2796549, at *2-*3 (S.D. Ohio July 16, 2008); *Fleming v. Lazaroff*, 2006 WL 1804546, at *3-*4 (S.D. Ohio June 28, 2006)); *but see Braithwaite v. Eberlin*, No. 5:06CV2937, 2008 WL 2844712, at *1 (N.D. Ohio July 22, 2008) (contra).)

On November 10, 2014, Colvin filed a motion to vacate the guilty plea under Crim.R. 32.1, and a motion to vacate the sentence. (R. 7, RX 7-8.) By that time, however, the one-year habeas statute of limitations had expired (on May 14, 2014).

10

Filing a collateral motion after the expiration of the limitations period will not "revive" the statute, or cause it to begin running anew. *Hill,* 2001 WL 1450711, at *2; *Searcy,* 246 F.3d at 519; *Leon,* 2006 WL 1624430, at *4. Thus, Colvin's petition filed on February 23, 2018, was untimely.

Colvin's opposition to the motion to dismiss raises several issues that are not relevant to the motion before the court. Colvin first discusses procedural default (R. 8, PageID #: 321-322), but the motion to dismiss is based on the petition's untimely filing, outside the statute of limitations, as discussed above, not on a procedural default. Colvin then addresses the timeliness issue by arguing that his state-court motions are timely under state law. *Id.* at 323-325. Colvin misunderstands the issue: This court is not finding that his state-court filings were untimely insofar as Ohio law is concerned. Nor is this court rendering any judgment on whether Colvin may have available remedies, under Ohio law, in state court. Colvin, however, was required under federal law to file his petition for a writ of habeas corpus within one year after his state conviction became final under the federal habeas statute, in order to pursue habeas relief in this federal district court. *Carey,* 536 U.S. at 216. Under federal law, his state court conviction became final on May 13, 2013, as discussed above.

The Supreme Court has held that the habeas statute of limitations may be subject to equitable tolling in appropriate cases. *Holland v. Florida,* 560 U.S. 631 (2010). However, Colvin bears the burden of persuading the court that he is entitled to equitable tolling. *Connolly v. Howes,* No. 04-2075, 2008 WL 5378012, at *4 (6th

11

Cir. Dec. 23, 2008); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002); *Day v. Konteh*, No. 1:08CV0212, 2009 WL 3321388, at *10 (N.D. Ohio Oct. 13, 2009). Colvin does not raise equitable tolling in his brief in opposition. *See generally* R. 8. Therefore, Colvin has not shown that equitable tolling is appropriate in this case.

## IV. CONCLUSION

The motion to dismiss (R. 7) the petition for a writ of habeas corpus should be granted. The statute of limitations expired in May 2014, and Colvin's petition filed on February 23 2018, was untimely.

s/ David A. Ruiz<br>
David A. Ruiz<br>
United States Magistrate Judge

Date:   October 29, 2018

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).